UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAKENZIE MARIE JOHNSON,

        Plaintiff,

  v.

Case No. 20-cv-1312-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request (filled out by her legal guardian) indicates that the plaintiff is not employed, not married, and has no defendants she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff has no income and no expenses, she does not own her home or a car or any other property of value, and she has approximately $50 in cash on hand

1

or in a checking or savings account. Id. at 2-4. The plaintiff's guardian states, "Government grant for school. I, Tanika Davis (legal guardian) pay all expenses (rent, food, personal care items) for Makenzie Johnson." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner of Social Security, that she was disabled during the time period included in this case, and that the unfavorable conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

2

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 26th day of August, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**